THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LEAH GUGGENHEIMER, On Behalf of : CASE NO. 07-CIV-7948 (SCR) (GAY)
Herself and All Other Persons Similarly :
Situated, :
:
        Plaintiff, :
:
v. :
:
THE ALLSTATE CORPORATION, :
:
        Defendant.

---

## JOINT APPLICATION IN SUPPORT OF MOTION TO TRANSFER VENUE

WHEREAS, on September 10, 2007, the above-captioned action was filed as a class action in the Southern District of New York, with service made upon defendant The Allstate Corporation ("Allstate") on September 18, 2007 (the "Guggenheimer Action");

WHEREAS, the Guggenheimer Action alleges a claim for violation of New York General Business Law § 349 against Allstate on behalf of a class of New York insureds whose property insurance policies were nonrenewed during a period of time in 2006 and 2007, where the nonrenewals were based, at least in part, on the insureds' not having auto or life insurance policies issued by an Allstate company in addition to a property insurance policy with an Allstate company ("mono-line status");

WHEREAS, on September 20, 2007, an action captioned *Avrohom Sebrow and Goldie Sebrow v. Allstate Insurance Company*, 07-CV-3929 (FB) (RLM), was filed as a class action in the Eastern District of New York (the "Sebrow Action"), which also alleged that Allstate violated

New York General Business Law § 349 in the same manner and for the same period of time as alleged in the Guggenheimer Action;

WHEREAS, the Guggenheimer Action originally could have been brought in the Eastern District of New York as (a) jurisdiction is proper in the Eastern District of New York under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because Plaintiff alleges the matter in controversy in the Guggenheimer Action exceeds $5,000,000, exclusive of interest, costs, and attorneys' fees, and there is complete diversity among the parties, as Defendant Allstate is a corporate resident of Illinois, and Plaintiff and the members of the Class in the Guggenheimer Action are residents of New York; and (b) venue also would be proper inasmuch as Defendant Allstate conducts a substantial amount of business in the Eastern District of New York;

WHEREAS, potential witnesses are located in eight coastal counties of New York (i.e., New York, Brooklyn, Queens, Bronx, Richmond, Suffolk, Nassau, and Westchester Counties), which renders the Eastern District of New York (including Brooklyn, Queens, Richmond, Suffolk and Nassau Counties) a more convenient forum for the witnesses;

WHEREAS, Allstate vigorously denies that its use of mono-line status as one basis for not renewing property insurance policies was in any way improper or illegal;

WHEREAS, the parties in the Guggenheimer and Sebrow Actions have agreed that consolidation of the Guggenheimer and Sebrow Actions in the Eastern District of New York would be appropriate.

NOW THEREFORE, the parties in the Guggenheimer Action hereby jointly submit that a change of venue from the Southern District of New York to the Eastern District of New York would be "for the convenience of parties and witnesses, [and] in the interests of justice." 28 U.S.C. § 1404(a); *see also Buck v. Williams*, 1980 U.S. Dist. LEXIS 11837, at *1-2 (S.D.N.Y.

June 5, 1980). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Dated: December 14, 2007

GISKAN, SOLOTAROFF & ANDERSON, LLP

By: _____
Oren Giskan (OG 3667)
Catherine E. Anderson (CA 5129)
11 Broadway, Suite 2150
New York, NY 10004
212-847-8315

THE LAW OFFICES OF DANIEL LYNCH
Daniel Lynch
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606

*Attorneys for Plaintiff, Leah Guggenheimer*

DEWEY & LeBOEUF

By: _____
John M. Aerni (JA 3394)
125 W. 55th Street
New York, NY 10019
212-424-8000

*Attorneys for Defendant, The Allstate Corporation*